**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **D. C.B. et al.,** | | : |
| | *Plaintiffs,* | : |
| | | : |
| | **v.** | : **CIVIL ACTION** |
| | | : **NO. 25-1924** |
| **UNITED STATES OF AMERICA,** | | : |
| | | : |
| | *Defendant.* | : |

### ORDER

**AND NOW**, this 30th day of March 2026, upon consideration of the Motion to Dismiss for Failure to Dismiss (ECF No. 8), and the accompanying responses (ECF Nos. 17 and 18), it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss Counts I, II, III, and IV is **DENIED** without prejudice. The parties shall conduct jurisdictional discovery as to the basis or bases for Mr. B and D.C.B.'s separation.[1]

2. Defendant's Motion to Dismiss Counts V, VI, and VII is **GRANTED.**[2]

---

[1] Plaintiffs were separated on November 22, 2017. ECF No. 1 ("Compl.") ¶ 87. Then-Attorney General Jeff Sessions announced the Government's "Zero Tolerance" policy on April 6, 2018. Compl. ¶ 33. Plaintiffs argue that even before the announcement of the Zero Tolerance policy, Plaintiffs were separated from each other. ECF No. 17 at 8. Plaintiffs have not alleged in their complaint that the officers that separated them were bound by a mandatory policy, which, if true, would eliminate the discretionary function exception. *See* 28 U.S.C. § 2680(a). The parties shall conduct jurisdictional discovery and present evidence so that this Court may determine whether Mr. B and D.C.B.'s separation was due to a mandatory policy. *See e.g., D.J.C.V. v. United States*, 605 F. Supp. 3d 571 (S.D.N.Y. 2022).

[2] The Alien Tort Statute ("ATS") does not contain an express waiver of sovereign immunity. Thus, the United States is immune from Plaintiff's claims arising under the ATS. *See Quintero Perez v. United States*, 8 F.4th 1095, 1100–01 (9th Cir. 2021) (affirming dismissal of *jus cogens* claim against United States under ATS due to sovereign immunity); *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 968 (4th Cir. 1992) ("[T]he [ATS] . . . has not been held to imply any waiver of statutory immunity."); *Flores Benitez v. Miller*, 687 F. Supp. 3d 304, 325 (D. Conn. 2023).

BY THE COURT:

HONORABLE KAI N. SCOTT
UNITED STATES DISTRICT JUDGE